Edgar J. BOUDLOCHE, Petitioner,

v.

HOWARD TRUCKING CO., INC., Northwest Insurance Co. and Director, Office of Workers' Compensation Programs, U. S. Department of Labor, Respondents.

No. 80–3045.

United States Court of Appeals,
Fifth Circuit.
Unit A

Dec. 19, 1980.

Weigand & Siegrist, Christopher B. Siegrist, Houma, La., for petitioner.

Carin A. Clauss, Sol. of Labor, Mark C. Walters, Gilbert T. Renaut, U. S. Dept. of Labor, Washington, D. C., Roger J. Larue, Jr., Metairie, La., for respondents.

Before COLEMAN, Chief Judge, CHARLES CLARK and REAVLEY, Circuit Judges.

CHARLES CLARK, Circuit Judge:

A majority of the Benefits Review Board asserts that Congress did not intend for the Longshoremen's and Harbor Workers' Compensation Act (Act) to cover employees whose maritime employment was insubstantial. Because the Supreme Court has held Congress intended to cover workers when at least some part of their duties involved such employment, we reverse and remand.

The facts as found by the Board are as follows. The claimant, Edgar J. Boudloche, was employed by Howard Trucking Company, Inc., (Howard) as a truck driver. Howard was engaged in the business of transporting oil field and marine equipment used in drilling for oil and gas offshore and on land. Boudloche hauled heavy oil field equipment on a large truck and a flatbed trailer rig. Approximately half of his runs were from one land–based site to another. The other half required him to either pick up or deliver equipment at a dock. Ten to twenty percent of the docks worked by Boudloche had no loading or unloading equipment or personnel. At such docks Boudloche did all of the work of loading and unloading the equipment by himself. The remaining docks where Boudloche picked up or delivered equipment were equipped with cranes and laborers called "roustabouts" to load and unload. To develop good will for his employer, Boudloche was expected to assist in the loading and unloading process even at those well–equipped facilities. Boudloche estimated that he had a delivery or a pick–up two or three times a week at a poorly equipped dock where he had to do the loading or unloading himself.

Boudloche would use either a winch or a gin pole on his truck to load or unload at unequipped docks. This required that he board the barge being loaded or unloaded to secure or release cables on the cargo. Only 2½ to 5 percent of his overall work time was spent loading or unloading cargo at unequipped dock facilities where he had to board vessels.

On the day of his injury, Boudloche was assigned to pick up several small boats used in oil and gas drilling operations. These boats were to be picked up at an unequipped dock facility. When he arrived at the dock with his truck, the boats were tied up at the water's edge. The dock was no more than a gravel and shell–covered slope leading down into the water. Boudloche backed his trailer to the water's edge and ran his winch line from the back of his cab along the trailer bed and tied it to the front of the first boat. He then winched the boat out of the water and onto his trailer. He loaded two boats in this manner. When he attempted to load the third boat, which was made of steel and much heavier than the first two, the boat slipped and fell on the claimant. Boudloche sustained a crushed pelvis and urological injuries.

Since Boudloche was at a dock at the water's edge when he was injured, he was within the Act's waterfront situs provision. 33 U.S.C. § 902(4). The single issue is whether a claimant who regularly performs indisputably maritime operations, but which maritime operations constitute only a small portion of his overall working time, occupies a status covered by the Act.

Section 2(3) of the Act provides:

The term "employee" means any person engaged in maritime employment, including any longshoreman or other person engaged in longshoring operations, and any harborworker including a ship repairman, shipbuilder, and shipbreaker, . . . .

33 U.S.C. § 902(3). The Board determined that the Act required *a substantial portion* of an employee's duties be in longshoring operations to be covered. They concluded that because Boudloche spent only 2½ to 5 percent of his overall working time performing the full maritime function of a longshoreman, he did not meet their "substantial portion" of duties requirement.

In *Northeast Marine Terminal Co., Inc. v. Caputo*, 432 U.S. 249, 97 S.Ct. 2348, 53 L.Ed.2d 320 (1977), the Supreme Court held the Act's status requirement was met by a terminal laborer who sometimes worked at shore–based jobs and at other times performed a longshoreman's function. They defined longshoremen as "persons whose employment is such that they spend at least some of their time in indisputably longshoring operations %y(4)" 432 U.S. at 273, 97 S.Ct. at 2362. Two years later, in *P. C. Pfeiffer Co., Inc. v. Ford*, 444 U.S. 69, 100 S.Ct. 328, 62 L.Ed.2d 225, the Court held

status coverage extended to two land–based workers who handled ships' cargo only after it had come to rest following discharge. Determining that both men were engaged in the type of duties that longshoremen perform–moving cargo between ships and land transports–the Court decided that coverage under the Act was to be determined by what workers were required to do and not in terms of when or where they were required to do work. "A worker responsible for some portion of that [longshoring] activity is as much an integral part of the process of loading or unloading a ship as a person who participates in the entire process." 444 U.S. at 81, 100 S.Ct. at 337, 62 L.Ed.2d at 236.

Thus, the Court has looked at a worker who is required to perform a longshoreman's work a part of the time and to perform nonmaritime tasks the remainder of the time, and at workers whose total duties consisted of performing only a land–based portion of a longshoreman's job. In *Caputo* the Act's coverage was defined in terms of a worker spending "at least some" of his time in longshoring operations. In *Ford* the Court held that workers who performed "some" portion of the loading or unloading of a ship were covered. By these constructions the Court sought to effectuate congressional intent to expand coverage to a simple uniform standard which did not shift with an employer's momentary whim. By substituting its "substantial portion" language for the Court's "some" in the coverage definition, the Board has departed from the letter and the spirit of the High Court's rule. This, of course, it cannot do.

Boudloche was directed to regularly perform *some* portion of what was indisputably longshoring work at fully equipped docks and, for at least *some* part of his work, was required to perform the total maritime job at unequipped docks. The fact that his employer also assigned him broader duties as a truck driver cannot override its choice to make Boudloche a maritime employee under the Act.

Our decision does not undertake to define the point at which a worker's employment in maritime activity becomes so momentary or episodic it will not suffice to confer status. That point clearly was not reached here. The decision appealed from is reversed and the cause is remanded to the Board for further proceedings not inconsistent with this opinion.

REVERSED and REMANDED.